**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/13
```

-------------------------------------------------------x

THE UNITED STATES OF AMERICA, ex rel.  :
STEVEN CABALLERO AND                   :
CARMEN SKRINE,                         :
                                       :
            Plaintiffs/Relators,       :
                                       :
      v.                               :
                                       :
TESTQUEST, INC., THE CITY OF NEW YORK, :    12 Civ. 4626 (LLS)
NEW YORK CITY DEPARTMENT OF            :
EDUCATION, MTL CONSULTANTS,            :
TIFFANY HOTT, in her individual and official :
capacity, and MICHAEL LOGAN, in his    :
individual and official capacity,      :
                                       :
            Defendants.                :    **STIPULATION AND ORDER OF**
-------------------------------------------------------x    **SETTLEMENT AND DISMISSAL**

UNITED STATES OF AMERICA,              :
                                       :
            Plaintiff,                 :
                                       :
      v.                               :
                                       :
TESTQUEST, INC., MICHAEL LOGAN,        :
SANDRA ALLEN, SYLVIA BRATHWAITE,       :
and QUENTON GITTENS,                   :
                                       :
            Defendants.                :
-------------------------------------------------------x

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation") is entered into by and among the United States of America (the "United States" or "Government"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York; TestQuest, Inc. ("TestQuest"), by its authorized representatives; Tiffany Hott ("Hott"), TestQuest's President and Chief Executive Officer ("CEO"), by her authorized representatives; and relators Steven Caballero and Carmen Skrine ("Relators"), by their authorized representatives (collectively, the "Parties");

WHEREAS, from the 2005/2006 academic year through the 2011/2012 academic year (the "Covered Period"), TestQuest provided Supplemental Educational Services ("SES") in the form of after-school tutoring to underprivileged students attending underperforming public schools in New York City.  In exchange for providing these tutoring services, the New York City Department of Education paid TestQuest a fixed amount of money per hour for each student that it tutored, using funds provided to New York State by the federal Government pursuant to the Elementary and Secondary Education Act of 1965, as amended by the No Child Left Behind Act of 2001, 20 U.S.C. § 6301, *et seq.*;

WHEREAS, on June 13, 2012, Relators filed a *qui tam* complaint (the "Relators' Complaint") against TestQuest, Hott, and others pursuant to the *qui tam* provisions of the False Claims Act (the "FCA"), 31 U.S.C. §§ 3726, *et seq.*;

WHEREAS, on January 29, 2013, the Government intervened in this case and filed its Complaint-in-Intervention;

WHEREAS, contemporaneous with the filing of this Stipulation, the Government is filing an Amended Complaint-in-Intervention (the "Amended Federal Complaint") against TestQuest and others, alleging, among other things, that during the Covered Period, TestQuest

2

employees falsified daily student attendance records at two high schools in the Bronx, New York
— the Monroe Academy of Business and Law/High School of World Cultures ("Monroe") and
the Global Enterprise Academy/Christopher Columbus High School ("GEA") — to make it
appear that more students had attended TestQuest's SES tutoring program than had actually
attended, and as a result, TestQuest billed and obtained federal funds for tutoring services that it
never provided;

     WHEREAS, the Parties have reached a mutually agreeable resolution addressing the
claims asserted against TestQuest in the Amended Federal Complaint and the claims asserted
against TestQuest and Hott in the Relators' Complaint;

     NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

    1.    The Parties consent to the Court's exercise of subject matter jurisdiction over this
action and personal jurisdiction over each of them.

    2.    TestQuest hereby admits, acknowledges, and accepts responsibility for the
following conduct related to its SES program at Monroe and GEA, all of which occurred during
the Covered Period:

        a.    TestQuest was required to record daily attendance at each of its SES
tutoring classes, including having each student who attended sign a standard attendance
sheet (the "daily student attendance sheet"). To receive payment for its SES tutoring,
TestQuest was required to certify that its daily attendance records were "true and
accurate."

        b.    Throughout the Covered Period, TestQuest employed Michael Logan
("Logan") to manage its SES program at Monroe and GEA. Logan, in turn, recruited
teachers and substitute teachers from Monroe and GEA to serve as tutors for TestQuest's
SES program at those schools ("tutors"), and recent graduates of Monroe and GEA to
help him run the program ("aides").

c.    Throughout the Covered Period, Logan and many of the tutors and aides engaged in fraudulent conduct in connection with TestQuest's SES program at Monroe and GEA.  For example, in response to instructions from Logan:

(1)    aides prompted students to sign the daily student attendance sheets for SES classes that the students had not attended, including by bringing the daily student attendance sheets to other after-school activities, such as baseball and basketball practice, and instructing students attending those activities to sign the sheets;

(2)    aides forged student signatures on the daily student attendance sheets;

(3)    tutors assisted the aides in prompting students to sign the daily student attendance sheets for classes that the students had not attended, including by accompanying the aides to the Monroe cafeteria and instructing students who were in the cafeteria, but who had not received any SES tutoring, to sign the daily student attendance sheets; and

(4)    tutors signed the instructor certifications on the daily student attendance sheets — and thereby certified that they had provided SES tutoring to all of the students whose signatures appeared on the sheets — even though they had not provided SES tutoring to some or all of those students.

d.    TestQuest's daily student attendance sheets from the Covered Period are replete with falsifications, and report that many more students had attended its SES tutoring classes than had actually attended.

e.    In one instance, TestQuest's President and CEO, Tiffany Hott, saw a daily student attendance sheet from GEA on which all of the students' signatures appeared to have been written by the same person.  When Hott questioned Logan about the sheet, Logan assured her that it would never happen again.  Hott did not further investigate the matter.

f.    TestQuest used the above-referenced falsified daily student attendance sheets to prepare invoices that it then submitted in connection with its SES tutoring program.  Many of these invoices falsely certified that the information on the invoice was "true and accurate."  These invoices ultimately resulted in TestQuest being paid federal funds for SES tutoring that it never provided.

3.    TestQuest shall pay the Government $1,725,000 within two (2) business days

after the Submission Date of this Stipulation.  If TestQuest fails to make this payment for any

4

reason (in whole or in part), Hott shall pay the Government $1,725,000 (or the remaining unpaid balance) within ten (10) business days after the Effective Date of this Stipulation.

4.     The payment pursuant to Paragraph 3 above shall be made at http://www.pay.gov to the U.S. Department of Justice account in accordance with instructions provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York.

5.     TestQuest certifies that TestQuest is not currently providing SES tutoring anywhere in the United States. TestQuest agrees to a voluntary exclusion from all federal procurement and nonprocurement transactions pursuant to 2 C.F.R. Parts 180 and 3485 for a period of three (3) years from the Effective Date. At the conclusion of the period of voluntary exclusion, TestQuest may participate in such transactions only after providing written notice to the Government of its intention to do so and agreeing to and implementing a compliance program acceptable to the Government. In addition, from the Submission Date forward, Hott may not participate in any federal procurement or nonprocurement transactions pursuant to 2 C.F.R. Parts 180 or 3485 unless she provides written notice to the Government of her intention to do so and agrees to and implements a compliance program acceptable to the Government. If TestQuest or Hott provides written notice to the Government of a desire to participate in a federal procurement or nonprocurement transaction and proposes a compliance program in accordance with this paragraph and the procedure set forth in paragraph 28 below, the Government shall have ninety (90) calendar days to inform TestQuest or Hott whether the proposed compliance program is acceptable to the Government. If the Government does not respond to the written notice and proposed compliance program within ninety (90) calendar days,

5

the Government shall be deemed to have found the proposed compliance program acceptable for purposes of this Stipulation (and this Stipulation only).

6.      TestQuest and Hott shall, at their own expense, maintain all of TestQuest's paper and electronic records concerning TestQuest's New York City SES program unless and until the Government authorizes them to discard such materials.  On request, TestQuest and/or Hott shall give the Government access to the above-referenced records or to any requested subset of the records, and shall assist the Government in locating particular records.  Notwithstanding the other provisions of this paragraph, if no additional civil or criminal proceedings are initiated by the Government relating to TestQuest's New York City SES program after the Execution Date of this Stipulation and prior to January 1, 2017, TestQuest and Hott may discard TestQuest's paper and electronic records concerning its New York City SES program.  At least sixty (60) calendar days prior to discarding any records pursuant to this paragraph, TestQuest and/or Hott shall contact the Government pursuant to the procedure set forth in paragraph 28 below and give the Government an opportunity to take custody of such records.

7.      Subject to TestQuest's and Hott's full compliance with the terms of this Stipulation, and any exceptions set forth in this Stipulation, the Government releases TestQuest and Hott from any civil or administrative monetary claim that the Government has, or may have, for the conduct alleged in the Amended Federal Complaint or the Relators' Complaint under the FCA, 31 U.S.C. §§ 3729, *et seq.*, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801, *et seq.*, and common law theories of payment by mistake and unjust enrichment; provided, however, that nothing in this Stipulation shall be construed as a release of any claims that the Government has, or may have, against Logan or any other current or former employee of TestQuest other than Hott; and provided

further that nothing in this Stipulation shall be construed as a release of any claims that the Government has, or may have, against TestQuest and/or Hott pertaining to TestQuest's provision of SES tutoring to any students other than those attending Monroe or GEA.

8.    Subject to TestQuest's and Hott's full compliance with the terms of this Stipulation, and any exceptions set forth in this Stipulation, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release: (a) TestQuest and Hott from any claims Relators have asserted, or could have asserted, or may assert in the future for any acts or omissions that predated this Stipulation; and (b) TestQuest and Hott from any claims that Relators have on behalf of the Government for the conduct alleged in the Relators' Complaint or the Amended Federal Complaint under the FCA, 31 U.S.C. §§ 3729, *et seq.*; provided, however, that nothing in this Stipulation shall preclude Relators from seeking to recover their expenses, costs or attorney's fees from TestQuest or Hott, pursuant to 31 U.S.C. § 3730(d); and provided further that nothing in this Stipulation shall be construed as a release of any claims that the Relators have, or may have, against Logan or any other current or former employee of TestQuest other than Hott; and provided further that nothing in this Stipulation shall be construed as a release of any claims that the Relators have, or may have, against TestQuest and/or Hott pertaining to TestQuest's provision of SES tutoring to any students other than those attending Monroe or GEA.

9.    In consideration of Relators' execution of this Stipulation and Relators' releases as set forth in Paragraph 8 above, TestQuest and Hott release Relators and their heirs, attorneys, agents, successors, and assigns from any and all claims for any action, event, or conduct, known or unknown, that predates this Stipulation.

7

10. Notwithstanding the releases given in Paragraph 7 above, or any other term of this Stipulation, the following additional claims of the Government are specifically reserved and are not released by this Stipulation:

      a. any liability arising under Title 26, United States Code (Internal Revenue Code);

      b. any criminal liability;

      c. except as explicitly stated in this Stipulation, any civil or administrative liability, including the right to pursue debarment proceedings, and any liability for any claim relating to TestQuest's provision of SES tutoring to students other than those attending Monroe or GEA;

      d. any liability to the Government (or its agencies) for any conduct other than that described in the Amended Federal Complaint or the Relators' Complaint; and

      e. any liability based upon obligations created by this Stipulation.

11. TestQuest and Hott shall be in default of this Stipulation if they fail to comply materially with any term of this Stipulation, including making the payment set forth in Paragraph 3 above ("Default"). The Government shall provide written notice to TestQuest and Hott of any Default in the manner set forth in Paragraph 28 below. TestQuest and/or Hott shall then have an opportunity to cure the Default within seven (7) calendar days from the date of delivery of the notice of Default. In the event that a Default is not fully cured within seven (7) calendar days of the delivery of the notice of Default, the United States, at its option, may (a) rescind this Stipulation and reinstate the Amended Federal Complaint and the Relators' Complaint; (b) seek specific performance of this Stipulation to cure any Default; (c) offset the amount of the payment that is due under Paragraph 3 above from any amounts due and owing TestQuest or Hott by any

8

department, agency or agent of the United States at the time of Default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, neither TestQuest nor Hott shall plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the conduct alleged in the Amended Federal Complaint or the Relators' Complaint, except to the extent such defenses were available on the Effective Date. Neither TestQuest nor Hott shall contest any offset imposed or any collection action undertaken by the Government pursuant to this Paragraph, either administratively or in any court. In addition, TestQuest and/or Hott shall pay to the Government all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses. In the event that the United States opts to seek specific performance of this Stipulation, interest shall accrue at the rate of 9% per annum compounded annually on the payment that is due under Paragraph 3 above, beginning seven (7) calendar days after delivery of the notice of Default.

12.     Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation, and agree and confirm that this Stipulation is fair, adequate, and reasonable, pursuant to 31 U.S.C. § 3730(c)(2)(B). Subject to any claims that Relators may have under 31 U.S.C. § 3730(d) for their share of the settlement amount, as set forth above in Paragraph 3, pursuant to the Stipulation and Order of Settlement and Release between Relators and the Government, Relators, for themselves individually, and for their heirs, successors, attorneys, agents, and assigns, release, waive, and forever discharge the United States, its officers, agents, and employees, from any claims, known or unknown, arising from the filing of the Relators' Complaint and from any claims under 31 U.S.C. § 3730.

9

13.     In any federal criminal prosecution or federal administrative action relating to the conduct alleged in the Amended Federal Complaint or the Relators' Complaint, neither TestQuest nor Hott shall assert and both waive any defenses they may have based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution or the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.  Nothing in this Paragraph or any other provision of this Stipulation constitutes an agreement by the United States concerning the characterization of the settlement amount, as set forth above in Paragraph 3, for purposes of the Internal Revenue laws, Title 26 of the United States Code. Nothing herein shall be construed as a waiver by TestQuest or Hott of any other rights or defenses with respect to any claims asserted by the Government or Relators against TestQuest or Hott that are not released pursuant to this Stipulation.

14.     Except with respect to the enforcement of the terms of this Stipulation, TestQuest and Hott reserve all of their rights, claims and defenses with respect to any claims asserted by the Government against TestQuest or Hott that are not released pursuant to this Stipulation. TestQuest and Hott release the Government, its agencies, employees, servants, and agents, as well as Relators, their heirs, successors, attorneys, agents, and assigns, from any claims that TestQuest or Hott has asserted, could have asserted, or may assert in the future against the Government, its agencies, employees, servants, or agents, or Relators, their heirs, successors, attorneys, agents, and assigns, known or unknown, related to the conduct alleged in the Amended Federal Complaint or the Relators' Complaint, as well as the Government's investigation and prosecution thereof.

15.     This Stipulation is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity except as otherwise provided herein.

16.     TestQuest and Hott represent and warrant that they have reviewed their financial situations, that they are currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and that they reasonably believe that they shall remain solvent following compliance with this Stipulation.  Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to TestQuest and Hott, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which TestQuest or Hott was or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

17.     If within 91 days of the Effective Date of this Stipulation or any payment made pursuant to this Stipulation, TestQuest or Hott commences, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of TestQuest's or Hott's debts, or seeking to adjudicate TestQuest or Hott as bankrupt or insolvent; or (b) seeking appointment of a trustee, custodian, or other similar official for TestQuest or Hott or for all or part of TestQuest's or Hott's assets, TestQuest and Hott agree as follows:

a.     TestQuest's and Hott's obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and TestQuest and Hott shall not argue or otherwise

11

take the position in any such case, action, or proceeding that (i) TestQuest's and Hott's

obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) either

TestQuest or Hott was insolvent at the time this Stipulation was entered into; or (iii) the

mutual promises, covenants, and obligations set forth in this Stipulation do not constitute

a contemporaneous exchange for new value given to TestQuest and Hott.

      b.     If any of TestQuest's or Hott's obligations under this Stipulation are

avoided for any reason, including, but not limited to, through the exercise of a trustee's

avoidance powers under the Bankruptcy Code, the Government, at its option, may

rescind this Stipulation and reinstate the Amended Federal Complaint and the Relators'

Complaint, and pursue any civil and/or administrative claim, action, or proceeding

against TestQuest or Hott that would otherwise be covered by the releases in Paragraphs

7 and 8 above. TestQuest and Hott agree that (i) any such claim, action, or proceeding

brought by the Government or Relators would not be subject to an "automatic stay"

pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in

the first clause of this Paragraph, and TestQuest and Hott shall not argue or otherwise

contend that the claim, action, or proceeding is subject to an automatic stay; (ii)

TestQuest and Hott shall not plead, argue, or otherwise raise any defenses under the

theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action,

or proceeding that is brought by the Government or Relators within 60 calendar days of

written notification to TestQuest and Hott that the Stipulation has been rescinded

pursuant to this Paragraph, except to the extent such defenses were available on the

Effective Date; and (iii) the Government has a valid claim against TestQuest and/or Hott

for the full settlement amount, and the Government and Relators may pursue the claim in

the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

      c.    TestQuest and Hott acknowledge that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

18.    If more than 90 days after the Effective Date of this Stipulation but before the Government has received payment in full of the settlement amount pursuant to paragraph 3 above, TestQuest or Hott commences, or a third party commences, any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of TestQuest's or Hott's debts, or seeking to adjudicate TestQuest or Hott as bankrupt or insolvent; or (b) seeking appointment of a trustee, custodian, or other similar official for TestQuest or Hott or for all or part of TestQuest's or Hott's assets, TestQuest and Hott agree as follows:

      a.    If any of TestQuest's or Hott's obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind this Stipulation and reinstate the Amended Federal Complaint and the Relators' Complaint, and pursue any civil and/or administrative claim, action, or proceeding against TestQuest and Hott that would otherwise be covered by the releases in Paragraphs 7 and 8 above. TestQuest and Hott agree that (i) any such claim, action, or proceeding brought by the Government or Relators would not be subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the case, action, or proceeding described in the first clause of this Paragraph, and TestQuest and Hott shall not argue or otherwise contend that the claim, action, or proceeding is subject to an automatic stay; (ii)

13

TestQuest and Hott shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government or Relators within 60 calendar days of written notification to TestQuest and Hott that the Stipulation has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the Effective Date; and (iii) the Government has a valid claim against TestQuest and/or Hott for the full settlement amount, and the Government and Relators may pursue the claim in the case, action, or proceeding described in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

      b.     TestQuest and Hott acknowledge that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

19.    TestQuest and Hott agree to the following:

      a.     Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of TestQuest or Hott or TestQuest's or Hott's agents in connection with:

         (1)    the matters covered by this Stipulation;

         (2)    the United States' audit(s) and civil and/or criminal investigation(s) of the matters covered by this Stipulation;

         (3)    TestQuest's or Hott's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and/or criminal investigation(s) in connection with the matters covered by this Stipulation (including attorney's fees);

         (4)    the negotiation and performance of this Stipulation; and

14

(5)   any payments TestQuest or Hott makes to the United States pursuant to this Stipulation,

are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs").

b.   Future Treatment of Unallowable Costs:  Unallowable Costs will be separately determined and accounted for by TestQuest and Hott, and TestQuest and Hott shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

c.   Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Stipulation, TestQuest and Hott shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by TestQuest or Hott or any of their agents from the United States.  The United States, including the Department of Justice and/or the affected agencies, reserves its right to audit, examine, or re-examine TestQuest's and Hott's books and records and to disagree with any calculations submitted by TestQuest or Hott regarding any Unallowable Costs included in payments previously sought by TestQuest or Hott, or the effect of any such Unallowable Costs on the amount of such payments.

20.   In connection with the negotiation of this Stipulation, TestQuest and Hott represent that:  (a) they have, in good faith, provided to the Government, in connection with the Government's assessment of TestQuest's ability to pay a monetary settlement, information concerning TestQuest's and Hott's current financial condition (the "Financial Information"); and (b) the settlement amount described in Paragraph 3 above will be paid in full by TestQuest

within two (2) business days after the Submission Date, or by Hott within ten (10) business days after the Effective Date. The Government has relied on the foregoing representations in entering into this Stipulation, and, at its option, may rescind this Stipulation and reinstate the Amended Federal Complaint and the Relators' Complaint if any of the foregoing representations are false or materially misleading.

21.     Except as set forth in Paragraph 8 above (which preserves Relators' ability to seek expenses, costs, and attorney's fees), each Party shall bear its own legal and other costs incurred in connection with this matter.

22.     Any failure by the Government to insist upon the material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon material performance of any and all of the provisions of this Stipulation.

23.     This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party in any subsequent dispute.

24.     Subject to the exceptions set forth in this Stipulation, and in consideration of the obligations of TestQuest and Hott as set forth in this Stipulation, and conditioned upon TestQuest's and Hott's full compliance with the terms of this Stipulation, the Government shall dismiss with prejudice the claims against TestQuest (and only TestQuest) in the Amended Federal Complaint and, subject to Relators' right to seek to recover costs, expenses, and attorney's fees from TestQuest and Hott pursuant to 31 U.S.C. § 3730(d), Relators shall dismiss

16

with prejudice the claims against TestQuest and Hott (and only TestQuest and Hott) in the Relators' Complaint; provided, however, that nothing in this Stipulation shall require the Government to dismiss the claims it has asserted against any other individual or entity in the Amended Federal Complaint, or Relators to dismiss the claims they have asserted against any other individual or entity in the Relators' Complaint; and provided further that nothing in this Stipulation shall preclude the Government from further amending the Amended Federal Complaint to assert claims against any additional individuals or to assert claims against TestQuest or Hott in connection with TestQuest's provision of SES tutoring to students other than those attending Monroe or GEA; and provided further that the Court shall retain jurisdiction over this Stipulation and each Party to enforce the obligations of each Party under this Stipulation.

  25. This Stipulation constitutes the complete agreement between the Parties with respect to the subject matter hereof. This Stipulation may not be amended except by written consent of the Parties.

  26. The undersigned counsel and any other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and/or entities indicated below.

  27. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

  28. Any notices pursuant to this Stipulation shall be in writing and shall be delivered by hand, express courier, or facsimile transmission followed by postage-prepaid mail, and shall be addressed as follows:

IF TO THE UNITED STATES:

Christopher B. Harwood
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Facsimile: (212) 637-2786

IF TO TESTQUEST OR TIFFANY HOTT

Patricia A. Pileggi, Esq.
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, New York 10103
Facsimile: (212) 753-5044

18

29.     The Submission Date of this Stipulation is the date upon which the parties submit this Stipulation to the Court.  The Effective Date of this Stipulation is the date upon which this Stipulation is entered by the Court.


Agreed to by:

### THE UNITED STATES OF AMERICA

Dated:          New York, New York
                August 5      , 2013


                                PREET BHARARA
                                United States Attorney for the
                                Southern District of New York

                By:     _____
                                CHRISTOPHER B. HARWOOD
                                Assistant United States Attorney
                                86 Chambers Street, Third Floor
                                New York, New York 10007
                                Telephone:  (212) 637-2728
                                Facsimile:  (212) 637-2786

                                *Attorney for the United States of America*

19

**RELATORS**

Dated:      New York, New York
            July 30   , 2013

                        By: _____
                            STEVEN CABALLERO

                            *Relator*


Dated:      New York, New York
            July 30   , 2013

                        By: _____
                            CARMEN SKRINE

                            *Relator*


Dated:      New York, New York
            August 1   , 2013

                        By: _____
                            BENNITTA L. JOSEPH
                            The Law Office of Borrelli & Associates P.L.L.C.
                            1010 Northern Blvd. Suite 328
                            Great Neck, New York 11021
                            Telephone:  (516) 248-5550
                            Facsimile:  (516) 248-6027

                            *Attorneys for Relators*

**TESTQUEST AND TIFFANY HOTT**

Dated:      New York, New York
      *August 2*, 2013

                              By: _____
                                  PATRICIA A. PILEGGI
                                  Schiff Hardin LLP
                                  666 Fifth Avenue, 17th Floor
                                  New York, New York 10103
                                  Telephone:  (212) 745-0839
                                  Facsimile:  (212) 753-5044

                                  *Attorney for TestQuest and Tiffany Hott*

Dated:      New York, New York
      *August 9*, 2013

                              By: _____
                                  TIFFANY HOTT
                                  *President and CEO of TestQuest*

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated: **August 8, 2013**

21